# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| LAWRENCE BLITZ, Individually and On Behalf Of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **CASE NO.: 3:11-cv-00992** |
| AGFEED INDUSTRIES, INC., et al., | ) ) ) | **JUDGE CAMPBELL/KNOWLES** |
| Defendants. | ) | |

| | | |
|---|---|---|
| JOSEPH FELCHER, Individually and On Behalf of All Others Similarly Situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **CASE NO.: 3:11-cv-01184** |
| AGFEED INDUSTRIES, INC., JOHN A. STADLER, GERARD DAIGNAULT, RAYMOND M. CESCA, CLAY MARSHALL, EDWARD PAZDRO, SONGYAN LI, SELINA JIN, LIANGFAN YAN, and JUNHONG XIONG, | ) ) ) ) ) ) ) | **JUDGE NIXON/GRIFFIN** |
| Defendants. | ) | |

## MOVANT RAMON GOBBO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF PROPOSED LEAD PLAINTIFF'S SELECTION OF <u>LEAD LIAISON COUNSEL</u>

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................... 1

II.  LEGAL ARGUMENT ........................................................................................ 3

    A.  Consolidation Is Appropriate ................................................................. 3

    B.  Movant Should Be Appointed Lead Plaintiff ........................................ 4

        1.  Notice Was Properly Published Under The PSLRA .................... 5

        2.  Movant is "The Most Adequate Plaintiff" .................................. 5

            a.  Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of Publication Of Notice .................................... 6

            b.  Movant Has The Largest Financial Interest In The Relief Sought . 7

        3.  Movant Otherwise Satisfies The Requirements of Fed. R. Civ. P. 23 ........ 9

            a.  The Claims of Movant Are Typical of the Claims of Other Members of the Class .................................................. 10

            b.  Movant Will Fairly And Adequately Represent The Interests of The Class .............................................................. 11

        4.  The Court should Approve Movant's Choice of Counsel ........................ 12

III. CONCLUSION ................................................................................................ 12

i

Movant Ramon Gobbo ("Movant" or "Gobbo"), moves the Court for an order: (1) consolidating Case No. 3:11-cv-01184 with the cases that have already been consolidated under Case No. 3:11-cv-00992; (2) appointing Gobbo Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "1934 Act" or the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (the "PSLRA"); and (3) approving Movant's selection of the law firm of Federman & Sherwood as Lead Counsel and Jones Hawkins & Farmer, PLC as Liaison Counsel; and (3) granting such other relief as the Court may deem just and proper.[1]

## I.  INTRODUCTION

This consolidated securities class action lawsuit on behalf of purchasers of the common stock of AgFeed Industries, Inc. ("AgFeed" or the "Company") alleges claims against AgFeed and certain of its present and former officers and directors for violations of Sections 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5. The complaints allege that Defendants violated the federal securities laws by knowingly and/or recklessly disseminating false and misleading information, which inflated the market price of the Company's common stock during the period beginning March 12, 2008, through and including September 29, 2011 (the "Class Period").

---

[1] The PSLRA permits any putative class member -- regardless of whether they have filed a complaint -- to move for appointment of lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion. Courts have held that defendants do not have standing to object to lead plaintiff motions. *See, e.g., In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp.2d 401, 409 (S.D. Tex. 2000).

1

The complaints allege that during the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business operations, prospects, and financial position and results. Specifically, the complaints allege, the Company made statements that were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts, all of which were known to or recklessly disregarded by Defendants:

A.   the Company used improper accounting procedures with respect to specific Chinese farm assets acquired during 2007 and 2008 and used in connection with its hog production business;

B.   multiple accounts receivable of the Company were invalid and uncollectible;

C.   the Company's allowances for doubtful accounts were undervalued;

D.   the Company lacked adequate internal control over its books and records and financial reporting; and

E.   as a result of the foregoing, the Company's published financial position and results were materially false and misleading at all times during the Class Period.

On August 2, 2011, the Company disclosed disappointing preliminary financial results for the second quarter ended June 30, 2011. The Company also disclosed that it expected to post a loss of more than $17 million, which included the addition of $5 million to its allowance for bad debt, and an expense of $9.2 million relating to the collection of outstanding accounts receivable in its animal nutrition business. As a result of the Company's disclosures, the price of AgFeed's stock plummeted $0.97 or nearly 50% in five (5) consecutive trading sessions, to close at $1.02 on August 8, 2011.

On September 29, 2011, after the market closed, the Company disclosed that it had appointed a Special Committee to investigate "the accounting relating to certain of the Company's Chinese farm assets (acquired during 2007 and 2008) used in its hog production

business, as well as the validity and collectability of certain of the Company's accounts receivables relating to its animal nutrition business in China and any other issues that may arise during the course of the investigation." As a result of these disclosures, the price of AgFeed's stock declined an additional $0.25 or 38% over two (2) consecutive trading sessions, to close at $0.40 on October 3, 2011.

Movant is a suitable Lead Plaintiff and class representative in this action. Movant has satisfied the procedural requirements of the PSLRA. First, Movant is believed to be the movant with the largest loss and the most adequate Lead Plaintiff due to the size of its investments in AgFeed common stock as well as its interest in the litigation. Movant purchased 15,000 shares of AgFeed common stock during the Class Period at an aggregate price of $267,000; retained 14,400 of these shares at the close of the Class Period; expended $257,280 in net funds during the Class Period; and, suffered losses of $248,208 as the result of same.[2] *See* Exhibits A and B to the Jones Declaration. Second, Movant satisfies the requirements of Fed. R. Civ. P. 23(a). Movant's claims are typical of those of the class. Movant will also adequately represent the class. Movant will actively participate in and vigorously pursue this case and has selected and retained qualified lead and liaison counsel, Federman & Sherwood and to serve as Lead Counsel and.

## II.     <u>LEGAL ARGUMENT</u>

### A.     Consolidation Is Appropriate

---

[2] An investor certification and a table setting forth Movant's purchases and sales of AgFeed common stock during and after the Class Period, and losses, are attached as Exhibits A and B to the Declaration of Kenneth R. Jones, Jr. in Support of Movant Ramos Gobbo's Motion and Memorandum in Support for Consolidation, Appointment of Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Jones Declaration"), filed contemporaneously herewith.

3

By order dated December 8, 2011 this Court consolidated five related securities class action lawsuits under Case No. 3:11-cv-00992. Dkt. Entry 22. On December 15, 2011, a related securities class action lawsuit, *Fletcher v. AgFeed,* 3:11-cv-01184, alleging substantively the same claims as those alleged in this consolidated action was filed in this Court.

Fed. R. Civ. P. 42(a) provides for the consolidation of actions involving a common question of law or fact:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*Id.*

Movant asks this Court to consolidate *Fletcher v. AgFeed*, 3:11-cv-01184, with this consolidated action. Consolidation pursuant to Rule 42 is warranted because the actions present virtually identical claims for relief based upon a single course of conduct.

**B. Movant Should Be Appointed Lead Plaintiff**

The PSLRA, which became law on December 22, 1995, amended the Exchange Act by adding new sections specifically addressing various matters relating to private lawsuits brought thereunder. Specifically, the PSLRA establishes a procedure for the appointment of a "Lead Plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." §21D(a)(1), 15 U.S.C. §78u-4(a)(1).

The PSLRA provides that the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. §21D(a)(3)(A)(i), 15 U.S.C. §78u-4(a)(3)(A)(i). Within 60 days after publication of the required notice, any member or members of the proposed Class

4

may apply to the Court to be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(A) and (B) and 15 U.S.C. § 77z-1(a)(3)(A) and (B).

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." §21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B) (i).

### 1.     Notice Was Properly Published Under The PSLRA

On August 18, 2011, Robbins Umeda LLP, the law firm that filed the first action, filed a notice pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(A)(i), over a national newswire, *Business Wire*, advising putative members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See* Exhibit C to the Jones Declaration.  The notice is sufficient and satisfies the requirements of Section 21D(a)(3)(i) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(i). *See Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 62-64 (D. Mass. 1996) (recognizing *Business Wire* as "widely circulated" in satisfaction of the PLSRA). National wire services have consistently been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 at *4 (N.D. Ill. Aug. 11, 1997); *In re Nice Systems Sec. Litig.*, 188 F.R.D. 206, 216 (D. N.J. 1999); *Greebel*, 939 F. Supp. at 62-64.

5

### 2.    Movant is "The Most Adequate Plaintiff"

The PSLRA directs the courts to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person or group of persons that:

(aa)    has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];

(bb)    in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I), 15 U.S.C. §78u-4(a)(3)(B) (iii)(I). Thus, the moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Fed. R. Civ. P. 23(a), is the presumptive lead plaintiff. *Garden City Employees Retirement System v. Psychiatric Solutions, Inc.*, 2010 WL 1790763 at *2 (M.D. Tenn. Apr. 30, 2010); *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LeBranche & Co., Inc.,* 229 F.R.D. 395 (S.D.N.Y. 2004). As discussed below, Movant satisfies each of the criteria set forth above and is entitled to the presumption set forth in §21D(a)(3)(B)(iii)(I) of the Exchange Act (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)) that he is the most adequate plaintiff.

### a.    Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of Publication Of Notice

Movant has moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit. Movant's motion contains the required certification setting forth, *inter alia*, Movant's transactions in AgFeed securities during the Class Period, and indicates that Movant has reviewed the Complaint filed in this action and is willing to serve as the representative party on

6

behalf of the class. *See* Exhibit A to Jones Declaration. Accordingly, Movant has satisfied this prong of the PSLRA's lead plaintiff criteria.

**b.    Movant Has The Largest Financial Interest In The Relief Sought**

Section 21D(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest financial interest in the relief sought by the class." §15 U.S.C. 78u-4(a)(3)(I)(bb). The PSLRA provides no definitive method for determining the largest financial interest. *Garden City Employees Retirement System v. Psychiatric Solutions, Inc.*, 2010 WL 1790763 at *3. The method used and the factors considered in determining each movant's financial interest remain fully within the discretion of the district court. *Id*.

In determining which movant has the largest financial interest, most courts conduct a four-factor analysis consisting of: (1) the number of shares that the movant purchased during the putative class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by the plaintiff during the class period; and (4) the approximate losses suffered by the plaintiffs. *Id*.

Most courts have determined that the financial loss is the most significant factor in determining the person or group of persons with the largest financial interest in the relief sought. *See, e.g., In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008); *Bensley v. Falconstor Software, Inc.*, 2011 WL 3849541 at *3 (E.D.N.Y. Aug. 29, 2010); *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) (appointing lead plaintiff based on largest claimed losses); *see also Richardson v. TVIA, Inc.,* 2007 WL 1129344, at *4 (N.D.Cal. Apr. 16, 2007) (explaining that of the *Olsten–Lax* factors, approximate loss is the "most determinative"); *In re Bally Total Fitness Sec. Litig.,* 2005 WL 627960, at *4 (N.D.Ill. Mar. 15,

7

2005) (holding that the "best yardstick by which to judge 'largest financial interest' is the amount of loss, period"). Indeed, courts have almost consistently held "[t]he largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures." *Richman v. Goldman Sachs Group, Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011); *see In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG), 2007 WL 680779, at *5, *7 (E.D.N.Y., March 2, 2007) (emphasizing the importance of evaluating loss causation when determining largest financial interest and ultimately stating that the most important factor is the financial loss); *In re Vicuron Pharmaceuticals, Inc. Sec. Litig.*, 225 F.R.D. 508, 510 (E.D. Pa. 2004).

Movant Gobbo (1) purchased 15,000 shares of AgFeed common stock during the Class Period, (2) retained 14,400 net shares acquired during the Class Period, (3) expended $257,280 in net funds during the Class Period, and (4) suffered losses of $248,208 as the result of same.[3] *See* Exhibits A and B to the Jones Declaration.

---

[3] Section 21D(e)(2) of the PSLRA provides that a plaintiff's recoverable losses in any securities fraud class action shall be measured as:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

§15 U.S.C. 78u-4(e)(2). If a plaintiff does not sell his securities within the 90-day period immediately following dissemination to the market of the information correcting the omissions and misstatements, its losses are measured as follows:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

8

As of this filing, Movant is unaware of any potential movant class member or movant group of related class members that claims to have a larger financial interest in this litigation.

### 3. Movant Otherwise Satisfies The Requirements of Fed. R. Civ. P. 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1)    the class is so numerous that joinder of all members is impracticable;
>
> (2)    there are questions of law or fact common to the class;
>
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics and/or qualifications of the class representative. *In re Cardinal Health, Inc. Sec. Litig.,* 226 F.R.D. 298, 304 (S.D. Ohio 2005). Accordingly, in adjudicating a lead plaintiff motion, courts should limit their inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a) and defer examination of the remaining requirements

---

15 U.S.C. §78u-4(e)(1).

Under this methodology, Movant Gabbo has suffered net losses of $248,208 from his transactions in AgFeed common stock during the Class Period. *See* Exhibits A and B to the Jones Declaration.

9

until the lead plaintiff moves for class certification. *In re Cardinal Health, Inc. Sec. Litig.,* 226 F.R.D. at 304; *In re The Goodyear Tire & Rubber Co. Sec. Litig.,* 2004 WL 3314943 at *6 (S.D. Ohio May 12, 2004). Moreover, a statutory presumption arises that the plaintiff with the "largest financial interest" also satisfies the typicality element. *Garden City Employees Retirement System v. Psychiatric Solutions, Inc.*, 2010 WL 1790763 at *2. This presumption can be rebutted only upon proof that the presumptively most adequate plaintiff will not fairly and adequately represent the class. *Id.*

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff in this action.

> **a.** **The Claims of Movant Are Typical of the Claims of Other Members of the Class**

Rule 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims arise from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory. *In re American Medical Sys.*, *Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996); *In re Cardinal Health, Inc. Sec. Litig.,* 226 F.R.D. at 304. Furthermore, factual variations among the claims of the class representatives and class members will not defeat "typicality":

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely-Van Camp,* 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted); *see also Hurd v. Monsanto Co.*, 164 F.R.D. 234, 239 (S.D. Ind. 1995).

Movant's claims are typical of, if not identical to, the claims of the other members of the class. Here, Movant: (1) purchased AgFeed common stock during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by

10

Defendants; and (2) was damaged by the alleged fraud. Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all class members.

### b. Movant Will Fairly And Adequately Represent The Interests of The Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). So long as the Movant with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would be a better representative. *Pirelli*, 229 F.R.D. at 411-12. Once the presumption is triggered, the only remaining question is whether anyone can prove that the presumptive lead plaintiff will not fairly and adequately represent the interests of the class. *In re Cavanaugh*, 306 F.3d at 732 and n.10.

> The Sixth Circuit has set forth two criteria for determining adequacy. First, the class representative must have common interests with those unnamed class members. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citation omitted). Second, it must appear that the class representative will vigorously prosecute the action with the assistance of qualified counsel. *Id.*

*Goodyear Tire & Rubber Co.*, 2004 WL 3314943 at *7. Movant will fairly and adequately represent the class.

First, counsel for the class is well-qualified. Movant has retained counsel with considerable experience in the prosecution of class action and federal securities law claims. *See* Federman & Sherwood and Jones Hawkins & Farmer, PLC Resumes attached as Exhibits D and E to the Jones Declaration.

Second, there are no potential conflicts between Movant and the interests of the absent class members. Movant's claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. Movant has

11

indicated that it will protect the interests of the class, as reflected in his investor certification. *See* Exhibit A to Jones Declaration. Moreover, having suffered the largest financial loss of all class members seeking to be appointed lead plaintiff in the action, Movant has a strong incentive to pursue this action vigorously on behalf of the entire class.

In short, Movant would adequately represent the putative class. Consequently, Movant meets the requirements of Section 21D(a)(3)(B)(iii)(I)(aa)-(cc) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), and should be appointed as Lead Plaintiff in this action.

### 4.    The Court should Approve Movant's Choice of Counsel

Pursuant to PSLRA §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v), a lead plaintiff applicant shall, subject to court approval, select and retain counsel to represent the class.  It is lead plaintiff and not the court that selects counsel.  *In re Cavanaugh*, 306 F.3d at 732-33. Movant has selected and retained Federman & Sherwood as Lead Counsel. Federman & Sherwood possess extensive experience in the areas of securities and other complex litigation. *See* Exhibit D to Jones Declaration. Similarly Jones Hawkins & Farmer, PLC has considerable experience in securities litigation. *See* Exhibit E to Jones Declaration. The Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve Movant's selection of Lead Counsel.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, Movant respectfully requests that the Court: (1) consolidate the actions referenced in the instant captions; (2) appoint Ramon Gobbo as Lead Plaintiff in this action; (3) approve Ramon Gobbo's selection of Federman & Sherwood as Lead Counsel and Jones Hawkins & Farmer, PLC as Liaison Counsel; and (4) grant such other relief as the Court may deem just and proper.

12

Dated:     December 19, 2011                    Respectfully submitted,

                                                /s/Kenneth R. Jones, Jr.
                                                Kenneth R. Jones, Jr. (Tenn. BPR #7278)
                                                William H. Farmer (Tenn. BPR #3771)

                                                JONES HAWKINS & FARMER, PLC
                                                150 Fourth Avenue North, Suite 1820
                                                Nashville, TN 37219
                                                (615) 726-0050
                                                kjones@joneshawkinsfarmer.com
                                                bfarmer@joneshawkinsfarmer.com

                                                William B. Federman
                                                Stuart W. Emmons
                                                (pro hac vice motions to be filed)

                                                FEDERMAN & SHERWOOD
                                                10205 N. Pennsylvania Ave.
                                                Oklahoma City, OK  73120
                                                Telephone:  (405) 235-1560
                                                Fax:  (405) 239-2112
                                                wbf@federmanlaw.com
                                                swe@federmanlaw.com

                                                -and-

                                                2926 Maple Ave., Suite 200
                                                Dallas, TX  75201

                                                *Counsel for Movant and Proposed Lead
                                                Counsel for the Class*

## CERTIFICATE OF SERVICE

        This is to certify that on December 19, 2011, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the counsel of record.


                                                /s/Kenneth R. Jones, Jr.
                                                Kenneth R. Jones, Jr.

13