UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAWRENCE BLITZ, Individually and on Behalf of All Others Similarly Situated, | ) Civil Action No. 3:11-cv-00992<br>) **(Consolidated)** |
| Plaintiff, | ) CLASS ACTION |
| vs. | ) |
| AGFEED INDUSTRIES, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THOMAS AND TANYA SNODGRASS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Thomas and Tanya Snodgrass ("Movants") respectfully submit this memorandum of law in support of their motion for an order: (1) appointing them as lead plaintiff; and (2) approving their selection of Dyer & Berens LLP as lead counsel and Miller & Martin PLLC as local counsel for the putative class. This Motion is brought pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act") on the grounds that Movants are the "most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. §78u-4(a)(3)(B)(iii).

## I. PRELIMINARY STATEMENT

On October 18, 2011, an investor filed the above-captioned putative securities class action on behalf of all purchasers of AgFeed Industries, Inc. ("AgFeed" or the "Company") securities between March 12, 2008 and September 29, 2011 (the "Class Period").[1] The action alleges violations of §§10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §78(j)(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

---

[1] This is the longest of the class periods set forth in the various complaints that were filed.

This Motion is made on the grounds that, to their knowledge, Movants are the "most adequate plaintiff" as defined by the PSLRA. Movants have suffered estimated losses of $162,263 from their Class Period purchases of AgFeed common stock and otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii). Further, they have selected counsel with the skill and experience necessary to vigorously and efficiently prosecute this litigation on behalf of the putative class. 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. STATEMENT OF THE FACTS

Defendant AgFeed is an international agribusiness that deals in animal nutrition products and commercial hog production in the United States and China. AgFeed's animal nutrition business serves hog producers throughout southeastern China through five feed mills where AgFeed produces additive premix, concentrates, and complete feed. The principal executive offices of AgFeed are located at 744 Horizon Court, Suite 350, Grand Junction, Colorado.

The various class action complaints allege that beginning in March 2008, the Company, along with certain of its officers and directors, issued a series of materially false and misleading statements to investors about AgFeed's financial health that were designed to deceive the market and cause shares of AgFeed to trade at artificially high prices. As a result of defendants' false statements, AgFeed's stock traded at artificially inflated prices during the Class Period, reaching a Class Period high in excess of $20 per share.

On August 2, 2011, the Company announced preliminary financial results for the second quarter of 2011 that showed that the Company was performing well below expectations and that AgFeed expected to post a loss of $17 million, as it added $5 million in allowances for its bad debt expenses. Additionally, on August 9, 2011, AgFeed disclosed to the U.S. Securities and Exchange Commission the true nature of its finances and the Company's decision to withdraw the Registration Statement for its animal nutrition business. In response, AgFeed's shares lost a third of their value.

2

Then, after the market closed on September 29, 2011, AgFeed issued a press release announcing that its Board "established a special committee to investigate the accounting relating to certain of the Company's Chinese farm assets (acquired during 2007 and 2008) used in its hog production business, as well as the validity and collectability of certain of the Company's accounts receivables relating to its animal nutrition business in China and any other issues that may arise during the course of the investigation." AgFeed stock declined another 20% in response.

Today, AgFeed shares trade around $0.50 per share.

## III. LEGAL ANALYSIS

### A. Movants Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. *See id.*

Here, the first notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on October 18, 2011. *See* Declaration of Jeffrey A. Berens in Support of Thomas and Tanya Snodgrass's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Berens Decl."), Ex. A.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint *or made a motion in response to a notice* . . .;

3

(bb) in the determination of the court, *has the largest financial interest in the relief sought by the class*; and

(cc) *otherwise satisfies the requirements of Rule 23* of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added). Movants meet each of these requirements and should therefore be appointed lead plaintiff.

### 1. Movants' Motion Is Timely

The notice published on October 18, 2011 informed class members of the 60-day deadline to move for appointment as lead plaintiff, which expires on December 19, 2011. *See* Berens Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). This Motion is therefore timely filed and Movants are entitled to be considered for appointment as lead plaintiff.

### 2. Movants Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Movants jointly purchased 11,400 shares of AgFeed common stock and suffered losses of $162,263 as a result of defendants' alleged fraud. *See* Berens Decl., Exs. B-C. To the best of their knowledge, there are no other qualified applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb). Therefore, Movants satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. Movants Satisfy Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). The adequacy and typicality requirements "'serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 626

n.20 (1997) (citation omitted); *see also In re Cendent Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (only typicality and adequacy impact the Rule 23 analysis at the lead plaintiff stage). As detailed below, Movants satisfy the typicality and adequacy requirements of Rule 23(a).

Typicality exists when the claims of the proposed class representative and class members arise from the same events and are based on the same legal or remedial theory. *See In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Movants satisfy these requirements because, just like all other class members, they purchased AgFeed securities during the Class Period in reliance upon the alleged materially false and misleading statements issued by defendants and suffered damages thereby. *See* Berens Decl., Ex. B. Thus, Movants' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

In assessing adequacy, courts inquire as to whether there are common interests between the proposed lead plaintiff and the class, and whether the proposed lead plaintiff will vigorously prosecute the interests of the class through counsel. *See Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 405 (M.D. Tenn. 1996). Here, Movants' interests are aligned with the interests of the class because both suffered from artificial inflation of the price of AgFeed securities and would benefit from the same relief. Movants' $162,263 financial interest also demonstrates a sufficient interest in the action to ensure vigorous advocacy. Finally, Movants have chosen an experienced law firm to efficiently prosecute this action on behalf of themselves and the putative class. As explained below, proposed lead counsel is highly qualified, experienced and able to conduct this litigation in a professional manner.

Thus, Movants satisfy the relevant requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### C. The Court Should Approve Movants' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Movants have selected Dyer & Berens LLP as lead counsel for the putative class. This law firm actively practices complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors throughout the country. *See* Berens Decl., Ex. D (Dyer & Berens LLP firm resume). The Court may be assured that in the event this Motion is granted, the members of the class will receive efficient, high caliber legal representation.

Accordingly, the Court should approve Movants' selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, Movants' respectfully request that the Court enter an order: (i) appointing Movants as lead plaintiff pursuant to the PSLRA; and (ii) approving their selection of Dyer & Berens LLP as lead counsel and Miller & Martin PLLC as local counsel for the putative class.

DATED: December 19, 2011                    MILLER & MARTIN PLLC

                                                s/ T. HAROLD PINKLEY
                                                T. HAROLD PINKLEY
                                                1200 One Nashville Place
                                                150 Fourth Avenue, North
                                                Nashville, TN 37219
                                                Telephone: 615/744-8548
                                                615/744-8643 (fax)
                                                hpinkley@millermartin.com

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
303 East 17th Avenue, Suite 300
Denver, CO 80203
Telephone: 303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

Attorneys for Movants

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December 2011, the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THOMAS AND TANYA SNODGRASS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL was served electronically through the CM/ECF System on the following:

George Edward Barrett
Barrett Johnston, LLC
217 Second Avenue, N
Nashville, TN 37201
(615) 244-2202
(615) 252-3798 (fax)
gbarrett@barrettjohnston.com

Adrienne O. Bell
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
(610) 667-7056 (fax)
abell@ktmc.com

Paul Kent Bramlett
Bramlett Law Offices
P O Box 150734
Nashville, TN 37215
(615) 248-2828
(615) 254-4116 (fax)
pknashlaw@aol.com

Patrick V. Dahlstrom
Pomerantz, Haudek, Block, Grossman & Gross, LLP
One North LaSalle Street
Suite 2225
Chicago, IL 60602-3908
(312) 377-1181
(312) 377-1184 (fax)
pdahlstrom@pomlaw.com

Gregory E. Del Gaizo
Robbins Umeda LLP
600 B Street
Suite 1900
San Diego, CA 92101
(619) 525-3990
(619) 525-3991 (fax)
gdelgaizo@robbinsumeda.com

Keith C. Dennen
Bone, McAllester & Norton, PLLC
511 Union Street
Suite 1600
Nashville, TN 37219
(615) 238-6300
kdennen@bonelaw.com

7

Robert P. Bramlett
Bramlett Law Offices
P O Box 150734
Nashville, TN 37215
(615) 248-2828
(615) 254-4116 (fax)
robert@bramlettlawoffices.com

James A. Crumlin, Jr.
Bone, McAllester & Norton, PLLC
511 Union Street
Suite 1600
Nashville, TN 37219
(615) 238-6300
jcrumlin@bonelaw.com

Douglas S. Johnston, Jr.
Barrett Johnston, LLC
217 Second Avenue, N
Nashville, TN 37201
(615) 244-2202
(615) 252-3798 (fax)
djohnston@barrettjohnston.com

D. Seamus Kaskela
Schiffrin, Barroway, Topas & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
(610) 667-7056 (fax)
skaskela@ktmc.com

Catherine J. Kowalewski
Robbins Geller Rudman & Dowd LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
619) 231-1058
(619) 231-7423 (fax)
katek@csgrr.com

Jeremy A. Lieberman
Pomerantz, Haudek, Grossman & Gross, LLP
100 Park Avenue
26th Floor
New York, NY 10017-5516
jalieberman@pomlaw.com

Scott J. Farrell
Rigrodsky & Long, P.A.
585 Stewart Avenue
Suite 304
Garden City, NY 11530
(516) 683-5316
(302) 654-7530 (fax)
sjf@rigrodskylong.com

Marc I. Gross
Pomerantz, Haudek, Grossman & Gross, LLP
100 Park Avenue
26th Floor
New York, NY 10017-5516
(212) 661-1100
migross@pomlaw.com

Timothy J. MacFall
Rigrodsky & Long, P.A.
585 Stewart Avenue
Suite 304
Garden City, NY 11530
(516) 683-5316
(302) 654-7530 (fax)
tjm@rigrodskylong.com

Timothy L. Miles
Barrett Johnston, LLC
217 Second Avenue, N
Nashville, TN 37201
(615) 244-2202
tmiles@barrettjohnston.com

David M. Promisloff
Schiffrin, Barroway, Topas & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
(610) 667-7056 (fax)
dpromisloff@ktmc.com

Seth D. Rigrodsky
Rigrodsky & Long, P.A.
919 N Market Street, Suite 980
Wilmington, DE 19801
(302) 295-5310
(302) 654-7530 (fax)
sdr@rigrodskylong.com

Brian D. Long
Rigrodsky & Long, P.A.
919 N Market Street
Suite 980
Wilmington, DE 19801
(302) 295-5310
(302) 654-7530 (fax)
bdl@rigrodskylong.com

Conrad B. Stephens
Robbins Umeda LLP
600 B Street
Suite 1900
San Diego, CA 92101
(619) 525-3990
(619) 525-3991 (fax)
cstephens@robbinsumeda.com

Overton Thompson, III
Bass, Berry & Sims
150 Third Avenue South
Suite 2800
Nashville, TN 37201
(615) 742-6200
othompson@bassberry.com

David C. Walton
Robbins Geller Rudman & Dowd LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
(619) 231-7423 (fax)
davew@csgrr.com

Brian J. Robbins
Robbins Umeda LLP
600 B Street
Suite 1900
San Diego, CA 92101
(619) 525-3990
(619) 525-3991 (fax)
notice@robbinsumeda.com

Darren J. Robbins
Robbins Geller Rudman & Dowd LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
(619) 231-7423 (fax)
darrenr@rgrdlaw.com

 

s/ T. HAROLD PINKLEY
T. HAROLD PINKLEY