# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| LAWRENCE BLITZ, Individually and On Behalf of All Others Similarly Situated, | **No. 3:11-cv-00992** |
| Plaintiffs, | |
| | CLASS ACTION |
| v. | |
| AGFEED INDUSTRIES, INC., GERARD DAIGNAULT, EDWARD PAZDRO, SONGYAN LI, and JUNHONG XIONG, | Chief Judge Todd J. Campbell<br>Magistrate Judge E. Clifton Knowles |
| Defendants. | |
| JOSEPH FELCHER, Individually and On Behalf of All Others Similarly Situated, | **No. 3:11-cv-01184** |
| Plaintiffs, | |
| | CLASS ACTION |
| v. | |
| AGFEED INDUSTRIES, INC., JOHN A. STADLER, GERARD DAIGNAULT, RAYMOND M. CESCA, CLAY MARSHALL, EDWARD PAZDRO, SONGYAN LI, SELINA JIN, LIANGFAN YAN, and JUNHONG XIONG, | Senior Judge John T. Nixon<br>Magistrate Judge Juliet E. Griffin |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OFTHE MOTION BY THE AGFEED INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD AND LIAISON COUNSEL**

Ginger Haubeck-McCaffery ("Haubeck-McCaffery") and William McCaffery ("McCaffery") (collectively "McCaffery family"); Joseph Boccuti ("Boccuti"); Larry Ewing ("Ewing"); and Stephen Arseneault ("Arseneault") (collectively the "Agfeed Investor Group") respectfully submit this Memorandum of Points and Authorities in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating Case No. 3:11-cv-01184 with the cases that have already been consolidated under Case No. 3:11-cv-00992; (2) appointing the Agfeed Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired securities of Agfeed Industries, Inc. ("Agfeed" or the "Company") during the Class Period; (3) approving its selection of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") and The Rosen Law Firm P.A. ("Rosen") as Co-Lead Counsel and Bramlett Law Offices ("Bramlett") as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

At least six class action lawsuits[1] have been filed in the Middle District of Tennessee. Each raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.

---

[1] The first five actions are entitled: *Blitz v. Agfeed Industries, Inc.*, 11-cv-992-TJC; *Sopuch v. Agfeed Industries, Inc.*, 11-cv-1025-TJC; *Rosen v. Agfeed Industries, Inc.*, 11-cv-1043-JTN; *Dougherty v. Agfeed Industries, Inc.*, 11-cv-1046-KHS; and *Fajen v. Agfeed Industries, Inc.*, 11-cv-1050-TJC. The *Blitz* action is on behalf of all persons and entities that purchased or otherwise acquired Agfeed securities during the period between March 16, 2009 and August 2, 2011. The remaining actions are on behalf of all persons and entities that purchased or otherwise acquired Agfeed securities during the period between March 12, 2008 and September 29, 2011, both dates inclusive (the "Class Period"). On December 8, 2011, by order of this Court, the actions were consolidated for pretrial and trial purposes under the docket, *Blitz v. Agfeed Industries, Inc.*, 11-cv-992-TJC.

On December 15, 2011, *Felcher v. Agfeed Industries, Inc.*, 11-cv-1184-JTN was filed on behalf of all persons and entities that purchased or otherwise acquired Agfeed securities during the Class Period. The *Felcher* action names

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Agfeed Investor Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. The Agfeed Investor Group has the largest financial interest in the relief sought in this action by virtue of its substantial investments in Agfeed during the Class Period, and the losses it suffered as a result of Defendants' misconduct. The Agfeed Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of the other Class members. Accordingly, the Agfeed Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

AgFeed is engaged in the animal nutrition and commercial hog production business in the United States and China through its operating subsidiaries. AgFeed's animal nutrition business consists of the manufacture, marketing, and sale of premix, concentrate, and complete feed for use in the Chinese animal husbandry markets, focusing almost exclusively on hog production. AgFeed entered the hog breeding and production business in China in November 2007. AgFeed entered the hog breeding and production business in the United States in September 2010, with its acquisition of M2P2, LLC.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, the Company made statements that were materially false and/or

similar defendants and alleges similar claims as the other actions and accordingly should be consolidated with this consolidated action pursuant to Fed. R. Civ. P. 42(a).

misleading because they misrepresented and failed to disclose the following adverse facts, which were known to defendants or recklessly disregarded by them, including: (1) the Company improperly accounted for certain of its Chinese farm assets acquired during 2007 and 2008; (2) certain of the Company's accounts receivables were invalid and uncollectible; (3) the Company's allowances for doubtful accounts were materially understated; (4) the Company lacked adequate internal and financial controls; and (5) as a result of the foregoing, the Company issued financial results which were materially false and misleading at all relevant times.

On August 2, 2011, the Company disclosed disappointing preliminary financial results for the second quarter ended June 30, 2011. Moreover, the Company disclosed that it expected to post a loss of more than $17 million as it added $5 million in allowances of its bad-debt provision and needed to take a $9.2 million charge for the collection of outstanding accounts receivable in its animal nutrition business.

As a result of the Company's disclosures, AgFeed stock plummeted $0.97 or nearly 50% in five consecutive trading sessions, to close at $1.02 on August 8, 2011.

On September 29, 2011, after the market closed, the Company disclosed that it had appointed a special committee to investigate "the accounting relating to certain of the Company's Chinese farm assets (acquired during 2007 and 2008) used in its hog production business, as well as the validity and collectability of certain of the Company's accounts receivable relating to its animal nutrition business in China and any other issues that may arise during the course of the investigation."

As a result of these disclosures, AgFeed stock declined an additional $0.25 or 38% in two consecutive trading sessions, to close at $0.40 on October 3, 2011.

4

**ARGUMENT**

## I.    <u>CONSOLIDATION IS APPROPRIATE</u>

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc*., 252 F.R.D. 188 (S.D.N.Y. 2008). Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all relate to, among other things, the Company's improper accounting methods. Accordingly, it is appropriate to consolidate the *Felcher* action with this consolidated action pursuant to Fed. R. Civ. P. 42(a). *Lintz v. Agria Corp*., 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions which all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

## II.    <u>THE AGFEED INVESTOR GROUP<br>SHOULD BE APPOINTED LEAD PLAINTIFF</u>

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of

5

class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, the Agfeed Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff.

**A. The Agfeed Investor Group Is Willing to Serve as Class Representative**

On October 19, 2011, counsel in the *Blitz* action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Agfeed securities that they had until December 19, 2011, to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Paul K. Bramlett in Support of the Agfeed Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Co-Lead and Liaison Counsel ("Bramlett Decl."), Ex. A.

6

The Agfeed Investor Group has filed the instant motion pursuant to the Notice, and has attached certifications attesting that its members are willing to serve as class representatives for the Class and provide testimony at depositions and trial, if necessary. *See* Bramlett Decl., Ex. B.

### B. Agfeed Investor Group Has The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Agfeed Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants. The losses of its individual members are demonstrated below.

| Movant | Shares Purchased | Amount Expended | Shares Retained at the end of Class Period | Loss |
|---|---|---|---|---|
| Haubeck-McCaffery | 408,210 | $1,744,764 | 11,050 | $149,095 |
| McCaffery | 541,311 | $2,080,079 | 63,700 | $207,230 |
| McCaffery family | 949,521 | $3,824,844 | 74,750 | $356,326 |
| Boccuti | 51,528 | $298,213 | 28,873 | $146,371 |
| Ewing | 66,392 | $210,701 | 66,392 | $169,352 |
| Arseneault | 67,300 | $249,756 | 67,300 | $207,842 |
| **Total** | **1,134,741** | **$4,583,513** | **237,315** | **$879,890** |

In total, the Agfeed Investor Group suffered losses of approximately $879,890. *See* Bramlett Decl., Ex. C. *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997). *Accord In re Am. Serv. Group, Inc. et al.,* 2006 U.S. Dist. LEXIS 61779, at *10 (M.D. Tenn. Aug. 28, 2006). Because the Agfeed Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. The Agfeed Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id. See In re Am. Med. Sys.*, 75 F.3d

1069, 1082 (6th Cir. 1996). Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Danis*, 189 F.R.D. at 395.

The Agfeed Investor Group's claims are typical of those of the Class. It alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Agfeed, or omitted to state material facts necessary to make the statements they did make not misleading. The Agfeed Investor Group, as did all members of the Class, purchased Agfeed securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosures of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)). *See Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 405 (M.D. Tenn. 1996) (indicating that the district courts in the Sixth Circuit uses two criteria to determine the adequacy of the representation: "'1) the representative must have common interests with the unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'") (citing *Senter v. General Motors Corp.*, 532 F.2d 511, 525 n. 31 (6th Cir. 1976)).

The Agfeed Investor Group is an adequate representative for the Class. There is no antagonism between its interests and those of the Class and its losses demonstrate that it has sufficient interest in the outcome of this litigation. In addition, two of the members of the group, Haubeck-McCaffery and McCaffery are family members—husband and wife. Moreover, Bocutti and the McCaffery family are friends who have a relationship predating this lawsuit. As such, the Agfeed Investor Group is sufficiently cohesive to efficiently litigate this action on behalf of the Class. Furthermore, it has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### a. The Agfeed Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Agfeed Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)     will not fairly and adequately protect the interest of the class; or

> (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The Agfeed Investor Group's ability and desire to fairly and adequately represent the Class have been discussed above. The Agfeed Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the Agfeed Investor Group should be appointed Lead Plaintiff for the Class.

### III.    LEAD PLAINTIFF'S SELECTION OF <u>COUNSEL SHOULD BE APPROVED</u>

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Agfeed Investor Group has selected the Pomerantz and Rosen law firms as Co-Lead Counsel and the Bramlett law firm as Liaison Counsel. The Pomerantz and Rosen firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' resumes. *See* Bramlett Decl., Exhibits D and E.  Similarly, the Bramlett law firm has acted as liaison counsel and successfully prosecuted federal securities class actions. *See* Bramlett Decl., Ex. F. As a result of each firm's extensive experience in litigation involving issues similar to those raised in this action, the Agfeed Investor Group's counsel have the skill and knowledge necessary to enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Agfeed Investor Group's selection of Co-Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

### <u>CONCLUSION</u>

For the foregoing reasons, the Agfeed Investor Group respectfully requests the Court to issue an Order (1) consolidating the *Felcher* action with this consolidated action; (2) appointing the Agfeed Investor Group as Lead Plaintiff for the Class; (3) approving the Pomerantz and

Rosen firms as Co-Lead Counsel and the Bramlett law firm as Liaison Counsel; and (4) granting

such other relief as the Court may deem to be just and proper.

Dated: December 19, 2011
        Nashville, Tennessee

                            Respectfully submitted,

                            BRAMLETT LAW OFFICES


                            By: /s/ PAUL KENT BRAMLETT
                            PAUL KENT BRAMLETT #7387
                            ROBERT PRESTON BRAMLETT #25895
                            2400 Crestmoor Road
                            P.O. Box 150734
                            Nashville, TN 37215-0734
                            Telephone: 615-248-2828
                            Facsimile: 866-816-4116
                            PKNASHLAW@AOL.COM
                            Robert@bramlettlawoffices.com

                            POMERANTZ HAUDEK
                              GROSSMAN & GROSS LLP
                            Marc I. Gross
                            Jeremy A. Lieberman
                            100 Park Avenue
                            New York, New York 10017
                            Telephone: (212) 661-1100
                            Facsimile: (212) 661-8665
                            mgross@pomlaw.com
                            jalieberman@pomlaw.com

                            POMERANTZ HAUDEK
                              GROSSMAN & GROSS LLP
                            Patrick V. Dahlstrom
                            Ten South LaSalle Street, Suite 3505
                            Chicago, Illinois 60603
                            Telephone:     (312) 377-1181
                            Facsimile:     (312) 377-1184
                            pdahlstrom@pomlaw.com

                            THE ROSEN LAW FIRM, P.A.
                            Laurence M. Rosen
                            Phillip Kim

275 Madison Avenue, 34th Floor
New York, New York 10118
Telephone: (212) 686-1060
Facsimile: (212) 686-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com

l

Counsel for Movants and Proposed Co-Lead and
Liaison Counsel for the Class

CERTIFICATE OF SERVICE

This is to certify that I have filed the above and foregoing ***Memorandum in Support of the Motion of the Agfeed Investors Group For Appointment As Lead Plaintiff and Approval of Co-Lead and Liaison Counsel*** on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing, as follows:

| | |
|---|---|
| James A. Crumlin, Jr.<br>Keith C. Dennen<br>BONE MCALLESTER NORTON PLLC<br>511 Union Street, Suite 1600<br>Nashville, TN 37219<br>jcrumlin@bonelaw.com<br>kdennen@bonelaw.com | Timothy J. MacFall<br>Scott J. Farrell<br>RIGRODSKY & LONG, P.A.<br>585 Stewart Avenue, Suite 304<br>Garden City, NY 11530<br>tjm@rigrodskylong.com<br>sjf@rigrodskylong.com |
| Brian J. Robbins<br>Gregory E. Del Gaizo<br>ROBBINS UMEDA LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>brobbins@robbinsumeda.com<br>gdelgaizo@robbinsumeda.com<br>cstephens@robbinsumeda.com | D. Seamus Kaskela<br>David M. Promisloff<br>Adrienne O. Bell<br>KESSLER TOPAZ<br>MELTZER & CHECK, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>skaskela@ktmc.com<br>dpromisloff@ktmc.com<br>abell@ktmc.com |
| Seth D. Rigrodsky<br>Brian D. Long<br>RIGRODSKY & LONG, P.A.<br>919 N. Market Street, Suite 980<br>Wilmington, DE 19801<br>sdr@rigrodskylong.com<br>bdl@rigrodskylong.com | George E. Barrett<br>Douglas S. Johnston, Jr.<br>Timothy L. Miles<br>BARRETT JOHNSTON, LLC<br>217 Second Avenue, North<br>Nashville, TN 37201-1601<br>gbarrett@barrettjohnston.com<br>djohnston@barrettjohnston.com<br>tmiles@barrettjohnston.com |
| Darren J. Robbins<br>David C. Walton<br>Cathering J. Kowalewski<br>ROBBINS GELLER<br>RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>darrenr@rgrdlaw.com<br>davew@rgrdlaw.com<br>katek@rgrdlaw.com | Kenneth R. Jones, Jr.<br>William H. Farmer<br>JONES HAWKINS & FARMER, PLC<br>150 Fourth Avenue North, Suite 1820<br>Nashville, TN 37219<br>kjones@joneshawkinsfarmer.com<br>bfarmer@joneshawkinsfarmer.com |
| | |

14

| William B. Federman | |
| Stuart W. Emmons | |
| FEDERMAN & SHERWOOD | |
| 10205 N. Pennsylvania Avenue | |
| Oklahoma City, OK 73120 | |
| wbf@federmanlaw.com | |
| swe@federmanlaw.com | |

SO CERTIFIED this 19th day of December, 2011.

s/*Paul Kent Bramlett*
PAUL KENT BRAMLETT