UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| LAWRENCE BLITZ, Individually and on Behalf of All Others Similarly Situated, | ) Civil Action No. 3:11-cv-00992<br>) **(Consolidated)** |
| Plaintiff, | ) <u>CLASS ACTION</u> |
| vs. | ) MEMORANDUM OF LAW IN SUPPORT |
| AGFEED INDUSTRIES, INC., et al., | ) OF MOTION FOR APPOINTMENT AS<br>) LEAD PLAINTIFF AND APPROVAL OF |
| Defendants. | ) LEAD PLAINTIFF'S SELECTION OF<br>) COUNSEL |

Justin R. Metz and Jane Riggle (collectively, "Metz and Riggle") respectfully submit this memorandum of law in support of their motion for: (1) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Barrett Johnston, LLC ("Barrett Johnston") and Branstetter, Stranch & Jennings, PLLC ("Branstetter, Stranch & Jennings") as liaison counsel for the class.

## I. INTRODUCTION

Presently pending in this district are six securities class action lawsuits on behalf of all purchasers of AgFeed Industries, Inc. ("AgFeed" or the "Company") securities between March 12, 2008 and September 29, 2011 (the "Class Period") against AgFeed and certain of the Company's officers and directors for violations of the Securities and Exchange Act of 1934 (the "Exchange Act").[1] In securities class actions, the PSLRA requires district courts to "consider any motion made by a purported class member" and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Metz and Riggle should be appointed as lead plaintiff because: (1) they timely filed their Motion; (2) to their counsel's knowledge, they have the largest financial interest in the relief sought by the class; and (3) they will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Metz and Riggle's selection of Robbins Geller as lead

---

[1] The Court consolidated five of the related actions on December 8, 2011. *See* Dkt. No. 22 in Case No. 3:11-cv-0992. On December 15, 2011, a sixth action, *Felcher v. AgFeed Indus., Inc.*, No. 3:11-cv-01184, was filed. The *Felcher* action is virtually identical to the consolidated actions and should be consolidated pursuant to Rule 42(a). In addition to these actions, there were two related cases pending in the District of Colorado, both of which were voluntarily dismissed.

counsel and Barrett Johnston and Branstetter, Stranch & Jennings as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. STATEMENT OF FACTS

AgFeed is an international agribusiness that deals in animal nutrition products and commercial hog production in the United States and China. The Company's animal nutrition business serves hog producers throughout southeastern China through five feed mills where AgFeed produces additive premix, concentrates, and complete feed.

The Complaints allege that defendants issued materially false and misleading statements regarding the Company's business practices and financial results during the Class Period. Specifically, defendants failed to disclose the Company was improperly accounting for its accounts receivable and certain farm-related assets in violation of Generally Accepted Accounting Principles ("GAAP"). As a result of defendants' false statements, AgFeed's stock traded at artificially inflated prices during the Class Period, reaching a Class Period high of $20.94 per share on May 5, 2008.

On August 2, 2011, AgFeed issued a press release announcing disappointing preliminary second quarter fiscal 2011 financial results. According to the release, the Company expected to report a net loss of $17 million for the quarter due in substantial part to its need to take a $9.2 million charge for the collection of outstanding receivables in its animal nutrition business and an additional $5 million to increase its allowance for bad debts from $1.9 million to $7 million. On this news, AgFeed shares declined more than 32% on high volume.

Then, after the market closed on September 29, 2011, AgFeed issued a press release announcing that its Board "established a special committee to investigate the accounting relating to certain of the Company's Chinese farm assets (acquired during 2007 and 2008) used in its hog production business, as well as the validity and collectability of certain of the Company's accounts receivables relating to its animal nutrition business in China and any other issues that may arise

during the course of the investigation." As a direct result of this news, AgFeed stock declined another 20% on high volume.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were that: (a) AgFeed improperly accounted for its revenue and accounts receivable such that its financial statements were presented in violation of GAAP; (b) AgFeed improperly accounted for certain farm-related assets the Company acquired in 2007 and 2008 in violation of GAAP; and (c) defendants failed to maintain proper internal controls related to AgFeed's accounting for its revenue and assets, including its accounts receivable and certain farm-related assets. The effect of defendants' materially false and misleading statements on AgFeed's stock price during the Class Period is graphically depicted below:



As the truth was slowly revealed, the artificial inflation began to seep out of AgFeed's stock price, causing significant losses and damage to the class. In all, AgFeed's stock price declined over 90% from the Class Period high.

## III. ARGUMENT

### A. Metz and Riggle Are the "Most Adequate Plaintiff" and Their Motion Should Be Granted

The PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Metz and Riggle meet each of these requirements and should therefore be appointed as lead plaintiff.

#### 1. This Motion Is Timely

The notice published on October 18, 2011, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed as lead plaintiff 60 days later, or by December 17, 2011. *See* Declaration of George E. Barrett in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Barrett Decl."), Ex. A. December 17th was a Saturday. Thus, pursuant to Rule 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday" is Monday, December 19, 2011. Fed. R. Civ. P. 6(a)(1)(C). Because Metz and Riggle's motion is timely filed, they are entitled to be considered for appointment as lead plaintiff.

#### 2. Metz and Riggle Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Metz and Riggle collectively expended more than $322,000 purchasing more than 52,000 shares of AgFeed common stock (in addition to options) and suffered approximately $256,000 in losses as a result of the defendants' wrongdoing. *See* Barrett Decl., Exs. B, C. To the best of their counsel's knowledge, there are no other qualified investors who have

- 4 -

either filed a complaint or a motion who have a larger individual financial interest.[2] Therefore, Metz and Riggle satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. Metz and Riggle Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, the Rule 23 considerations are generally limited to the questions of typicality and adequacy. *See Burgraff v. Green Bankshares, Inc.*, 2011 U.S. Dist. LEXIS 14573, at *9 (E.D. Tenn. 2011) ("Under Rule 23, there are two requirements for establishing lead plaintiff: '(1) "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and (2) "the representative parties will fairly and adequately protect the interests of the class."'").[3]

"A claim is typical under Rule 23 if 'it arises from the same event or practice or course that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Id.* Here, Metz and Riggle allege "'[d]efendants violated the federal securities laws by disseminating false and misleading statements'" and allege they "'purchased [AgFeed] securities at prices artificially inflated by [d]efendants' misrepresentations and omissions,' like all of the other class members." *Id.* at *9-*10. Therefore, the Court should find their claims are typical to the claims of the other class members.

"The purpose of the adequacy requirement is to ensure there are no conflicts of interest between the purported lead plaintiff and the other class members." *Id.* at *10. Metz and Riggle are

---

[2] Named plaintiffs Lawrence Blitz and Lawrence Rosen, who suffered smaller losses than Metz and Riggle, join in support of Metz and Riggle's Motion.

[3] Unless otherwise noted, all emphasis is added and citations are omitted.

- 5 -
671293_1

not aware of any potential conflicts of interest or any matters that would preclude them from fulfilling their duties as lead plaintiff. In addition, Metz and Riggle have timely evidenced their ability and incentive to jointly represent the class's interest adequately because they not only filed a motion to be appointed lead plaintiff, have a significant $256,000 loss, participated in a conference call prior to filing their motion, and also hired experienced counsel. *See* Barrett Decl., Ex. D.

Thus, the Court should find that Metz and Riggle have satisfied the initial Rule 23 inquiry at this stage.

### B. The Court Should Approve Metz and Riggle's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Metz and Riggle have selected Robbins Geller as their proposed lead counsel in this litigation. Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* Barrett Decl., Ex. E. District courts throughout the country, including courts in this State, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g., Garden City Emps.' Ret. Sys. v. Psychiatric Solutions, Inc.*, 2010 U.S. Dist. LEXIS 42915, at *13 (M.D. Tenn. 2010) (Haynes, J.) (finding lawyers with Robbins Geller to be "well qualified and experienced to represent the class"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"). In addition, Metz and Riggle have selected Barrett Johnston and Branstetter, Stranch &

Jennings as liaison counsel, prominent firms with their own well-established track records. *See* Barrett Decl., Exs. F, G.

Because these firms are highly qualified and experienced in this field, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller, Barrett Johnston and Branstetter, Stranch & Jennings. Accordingly, Metz and Riggle's selection of counsel should be approved.

## IV. CONCLUSION

Metz and Riggle have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Metz and Riggle respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of counsel and grant such other relief as the Court may deem just and proper.

DATED: December 19, 2011

Respectfully submitted,

BARRETT JOHNSTON, LLC
GEORGE E. BARRETT, #2672
DOUGLAS S. JOHNSTON, JR., #5782
TIMOTHY L. MILES, #21605

s/ George E. Barrett
GEORGE E. BARRETT

217 Second Avenue, North
Nashville, TN 37201-1601
Telephone: 615/244-2202
615/252-3798 (fax)
gbarrett@barrettjohnston.com
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

- 7 -

BRANSTETTER, STRANCH
  & JENNINGS, PLLC
JAMES G. STRANCH, III
227 Second Avenue, North – 4th Floor
Nashville, TN  37201-1631
Telephone:  615/254-8801
615/255-5419 (fax)
jims@branstetterlaw.com

[Proposed] Liaison Counsel for Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
JONAH H. GOLDSTEIN
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jonahg@rgrdlaw.com
danim@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

James A. Crumlin, Jr.
Keith C. Dennen
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, TN 37219

Overton Thompson III
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201

D. Seamus Kaskela
David M. Promisloff
Adrienne O. Bell
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Road
Radnor, PA 19087

Marc I. Gross
Jeremy A. Lieberman
Pomerantz Haudek Grossman & Gross LLP
100 Park Avenue
New York, NY 10017-5516

Seth D. Rigrodsky
Brian D. Long
Rigrodsky & Long, P.A.
919 North Market Street, Suite 980
Wilmington, DE 19801

Darren J. Robbins
Jonah H. Goldstein
Danielle S. Myers
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Patrick V. Dahlstrom
Pomerantz Haudek Grossman & Gross LLP
10 South LaSalle Street, Suite 3505
Chicago, IL 60603

Paul Kent Bramlett
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215-0734

George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
Barrett Johnston, LLC
217 Second Avenue North
Nashville, TN 37201

Scott J. Farrell
Timothy J. MacFall
Rigrodsky & Long, P.A.
585 Stewart Avenue, Suite 304
Garden City, NY 11530

Brian J. Robbins
Robbins Umeda LLP
600 B Street, Suite 1900
San Diego, CA 92101

- 1 -
671293_1
Case 3:11-cv-00992 Document 31 Filed 12/19/11 Page 10 of 13 PageID #: 297

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 19, 2011.

                                              s/ George E. Barrett
                                        GEORGE E. BARRETT

                                        BARRETT JOHNSTON, LLC
                                        217 Second Avenue, North
                                        Nashville, TN  37201-1601
                                        Telephone:  615/244-2202
                                        615/252-3798 (fax)
                                        E-mail:gbarrett@barrettjohnston.com

## Mailing Information for a Case 3:11-cv-00992

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **George Edward Barrett**
  gbarrett@barrettjohnston.com,lbrock@barrettjohnston.com

- **Adrienne O. Bell**
  abell@ktmc.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **James A. Crumlin , Jr**
  jcrumlin@bonelaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Gregory E. Del Gaizo**
  gdelgaizo@robbinsumeda.com

- **Keith C. Dennen**
  kdennen@bonelaw.com

- **Scott J. Farrell**
  sjf@rigrodskylong.com

- **Marc I. Gross**
  migross@pomlaw.com

- **Douglas S. Johnston , Jr**
  djohnston@barrettjohnston.com

- **D. Seamus Kaskela**
  skaskela@ktmc.com

- **Catherine J. Kowalewski**
  katek@csgrr.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Brian D. Long**
  bdl@rigrodskylong.com

- **Timothy J. MacFall**
  tjm@rigrodskylong.com

- **Timothy L. Miles**
  tmiles@barrettjohnston.com

- **David M. Promisloff**
  dpromisloff@ktmc.com

- **Seth D. Rigrodsky**
  sdr@rigrodskylong.com

- **Brian J. Robbins**
  notice@robbinsumeda.com

Case 3:11-cv-00992   Document 31   Filed 12/19/11   Page 12 of 13 PageID #: 299

- **Darren J. Robbins**
  darrenr@rgrdlaw.com

- **Conrad B. Stephens**
  cstephens@robbinsumeda.com

- **Overton Thompson , III**
  othompson@bassberry.com,christian.word@lw.com,timilin.sanders@lw.com,whilderbrand@bassberry.com,lbilbrey@bassberry.com

- **David C. Walton**
  davew@csgrr.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`