UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAWRENCE BLITZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AGFEED INDUSTRIES, INC., JOHN A. STADLER, GERARD DAIGNAULT, CLAY MARSHALL, EDWARD PAZDRO, ARNOLD STALOFF, FREDERIC RITTEREISER, IVAN GOTHNER, SONGYAN LI, SELINA JIN, LIANGFAN YAN, JUNHONG XIONG, GOLDMAN KURLAND & MOHIDIN, LLP, AND MCGLADREY & PULLEN LLP<br><br>Defendants. | No. 3:11-cv-0992<br><br>CONSOLIDATED CLASS ACTION<br><br>Chief Judge Todd J. Campbell<br>Magistrate Judge E. Clifton Knowles<br><br>**ORDER AND FINAL JUDGMENT** |

1

On the 8th day of December, 2014, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated September 8, 2014 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against defendants AgFeed Industries, Inc. ("AgFeed"), John Stadler, Gerard Daignault, Edward Pazdro, Clay Marshall, Arnold Staloff, Frederic Rittereiser and Ivan Goethner ("Individual Defendants") and McGladrey & Pullen, LLP ("McGladrey") (collectively the "Settling Defendants" or "Defendants") and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") (Dkt. No. 229) was mailed to all reasonably identifiable Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Stipulation and in the Notice.

2. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiffs, all Settlement Class Members and the Defendants.

3. The District Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the

2

number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff s fairl y and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Settlement Class is being certified for settlement purposes only.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies the claims in this action against AgFeed, McGladrey, and all served Individual Defendants for class treatment for settlement purposes only. Claims against Songyan Li, Selina Jin, Liangfan Yan, Junhong Xiong, and Goldman Kurland & Mohidin, LLP ("Non-Settling Defendants") are not subject to this Order. The Court certifies as the Settlement Class all persons or entities who purchased the publicly traded common stock of AgFeed Industries, Inc. from the period between March 16, 2009 through September 29, 2011, and who were damaged thereby. Excluded from the Settlement Class are:

a. Defendants, and the members of their immediate families and Defendants' legal representatives, heirs, successors and assigns, any entity in which any Defendant has or had a controlling interest, and AgFeed's and McGladrey's predecessors;

b. Present and former officers and/or directors of any Defendant;

c. All such excluded persons' immediate families, legal representatives, heirs,

predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest;

    d. Any persons who have separately filed actions against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Action or otherwise alleged, asserted, or contended in the Action; and

    e. Those persons who excluded themselves by filing timely and valid requests for exclusion in accordance with the Preliminary Approval Order, a list of whom is attached to this Order as Exhibit A.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs are certified as the class representatives (or "Class Plaintiffs") and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as counsel for the Settlement Class (or "Class Counsel").

6. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including

the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. The Bankruptcy Plan having been approved, Class Plaintiffs and Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions Stipulation. Upon the satisfaction of these conditions precedent:

   a. The Action and the Second Amended Complaint will be dismissed with prejudice, and without costs, as to AgFeed, the Individual Defendants, and McGladrey;

   b. Class Plaintiffs and the Settlement Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, will be deemed to have released and forever discharged the Released Parties from any and all Settled Claims. Class Plaintiffs and the Settlement Class Members, and anyone acting or purporting to act for any of them, and will be permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled

5

Claims against the Released Parties

    c. AgFeed, the Individual Defendants and McGladrey, including any and all of their respective successors in interest or assigns, will be deemed to have released and forever discharged any and all Settled Defendants' Claims against Class Plaintiffs, any of the Settlement Class Members and any of their counsel, including Class Counsel for the Settlement Class and any counsel working under Class Counsel's direction.

8. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Settlement among Settlement Class Members.

9. If a remainder exists after the distributions to claimants in this Action, Class Plaintiffs shall move this Court that such funds be distributed in a manner consistent with the previously-filed *Notice of Intent to Distribute Cy Pres Funds If Available Upon Final Settlement and Distribution to Shareholders* (Dkt. No. 230).

10. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

11. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    a. referred to or used against the Released Parties or against the Class Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

    b. construed against the Released Parties or against the Class Plaintiffs or the

6

Case 3:11-cv-00992   Document 242   Filed 12/08/14   Page 6 of 9 PageID #: 4813

Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

c. construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement; or

d. used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

12. The Court hereby awards Class Plaintiffs a reimbursement payment of $ __1000.00__ each.

The Court hereby awards Class Counsel $ __2.1 million__ in attorneys' fees and $ __102,813.00__ in expenses.

13. The Court retains jurisdiction for matters relating to the Settlement and any remaining claims against Non-Settling Defendants, which are contemplated to be assigned to the Bankruptcy estate. Effective upon the assignment of said claims to the Bankruptcy estate, Class Plaintiffs and Class Counsel are relieved of any obligations with respect to those claims.

7

14. Without further order of the Court, AgFeed, the Individual Defendants, McGladrey and Class Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of Attorneys' Fees and Expenses.

17. If, for any reason, the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.

SO ORDERED this 8th day of December, 2014.

_____
HONORABLE TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

# Exhibit A

1. E. Basil Allen

2. Nelda S. Wolf

3. Jeffrey M. Dooling